EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP
Andrew I. Port (State Bar No. 120977)
Katharine Essick Snavely (State Bar No. 219426)
49 Stevenson Street, Suite 400
San Francisco, CA 94105
Telephone:   (415) 227-9455
Facsimile:   (415) 227-4255
E-Mail:   aport@edptlaw.com
          kessick@edptlaw.com

Attorneys for Defendant
MITSUI O.S.K. LINES, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GEORGINA HENSON<br><br>Plaintiff,<br><br>vs.<br><br>MITSUI O.S.K. LINES, LTD., and DOES 1 through 20, inclusive<br><br>Defendants. | Case No.: C 08-02375 JL<br><br>**ANSWER OF DEFENDANT MITSUI O.S.K. LINES** |

Defendant Mitsui O.S.K. Lines, Ltd. ("Defendant" or "Mitsui"), responds to Plaintiff's Longshoreman's Complaint for Damages for Personal Injuries First Amended Complaint filed March 14, 2008, in correspondingly numbered paragraphs.

1. Mitsui is without knowledge or information sufficient to form a belief as to whether Plaintiff maintains a residence within the State of California, and therefore Mitsui denies that allegation. To the extent the remaining allegations of Paragraph 1 require a response, Mitsui denies them.

2. Mitsui admits and alleges that it has a registered office in Osaka but denies the remaining allegations of Paragraph 2

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

- 1 -

ANSWER OF DEFENDANT MITSUI O.S.K. LINES
Case No. C 08-02375 JL

3. No response is required of Mitsui. To the extent that a response would be required, Mitsui denies the allegations of Paragraph 3.

4. No response is required of Mitsui. To the extent that a response would be required, Mitsui denies the allegations of Paragraph 4.

5. Mitsui denies the allegations of Paragraph 5.

6. Mitsui denies the allegations of Paragraph 6, and admits and alleges that at all relevant times it was the time charterer of the vessel known as MOL EXPLORER.

7. Mitsui is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and therefore denies them.

8. Mitsui denies the allegations of Paragraph 8.

9. Mitsui denies the allegations of Paragraph 9

10. Mitsui denies the allegations of Paragraph 10.

11. Mitsui denies the allegations of Paragraph 11.

12. Mitsui denies the allegations of Paragraph 12.

## AFFIRMATIVE DEFENSES

Mitsui alleges the following affirmative defenses to Plaintiff's Complaint.

### FIRST AFFIRMATIVE DEFENSE

1. Applicable provisions of the Federal Longshore & Harbor Workers Compensation Act, 33 U.S.C. §901, *et seq.*, provide Plaintiff's exclusive remedies, and bar all causes of action except as provided under that Act.

### SECOND AFFIRMATIVE DEFENSE

2. As a time charterer of a vessel, Mitsui is not the proper defendant to Plaintiff's suit under the applicable provisions of the federal Longshore & Harbor Workers Compensation Act, 33 U.S.C. §§901 et seq.

### THIRD AFFIRMATIVE DEFENSE

3. As a time charterer of the vessel, Mitsui did not owe to Plaintiff the duties owed

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

- 2 -

ANSWER OF DEFENDANT MITSUI O.S.K. LINES
Case No. C 08-02375 JL

to a longshoreman under the United States Supreme Court decision *Scindia Steam Navigation Co., Ltd. v. De Los Santos*, 451 U.S. 156 (1981).

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's Complaint does not state facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's alleged injuries, losses and damages, if any, were caused or contributed to by Plaintiff's own negligence.

### SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff's alleged injuries, losses and damages, if any, were caused or contributed to by individuals or entities for whose conduct Defendant is not liable.

### SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff's alleged injuries, if any, pre-existed, and were not caused by, the incident alleged in the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff's alleged injuries, losses and damages, if any, were aggravated by Plaintiff's failure to use reasonable diligence to mitigate them, and Defendant is not responsible for damages that Plaintiff could have mitigated, but did not.

### NINTH AFFIRMATIVE DEFENSE

9. Plaintiff's Complaint is barred by the applicable statute of limitations, and/or by laches.

### TENTH AFFIRMATIVE DEFENSE

10. The doctrine of unclean hands bars Plaintiff from recovery for his alleged injuries, losses and damages, if any.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff's alleged injuries, losses, and damages, if any, were wholly due to a failure on the part of Plaintiff to perform the responsibilities that were hers, or that were assigned to her.

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

- 3 -

ANSWER OF DEFENDANT MITSUI O.S.K. LINES
Case No. C 08-02375 JL

## TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiff's recovery from Defendant, if any, may not exceed the percentage by which Defendant's negligence is established to have contributed to Plaintiff's injury, if any.

## THIRTEENTH AFFIRMATIVE DEFENSE

13. The alleged condition that caused Plaintiff's injuries, losses and damages, if any, was open and obvious to Plaintiff's employer, an expert and experienced stevedore, or to Plaintiff, a longshoreman; therefore Defendant had no duty to warn of any hazard or to protect the Plaintiff from any risk of harm for the alleged condition.

## FOURTEENTH AFFIRMATIVE DEFENSE

14. Defendant did not breach any of the duties owed to a longshoreman under the United States Supreme Court decision of *Scindia Steam Navigation Company v. De Los Santos*, 451 U.S. 156 (1981), and either Plaintiff or his employer wrongfully or negligently caused his alleged injuries, losses and damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

15. The amount of any award in Plaintiff's favor and against Defendant should be reduced by the amount of benefits paid to or to be paid on behalf of Plaintiff' stevedore employer.

## SIXTEENTH AFFIRMATIVE DEFENSE

16. Venue is not proper in this Court.

WHEREFORE defendant Mitsui prays that Plaintiff take nothing by her Complaint, for costs of suit and fees, and for such other relief as the Court may deem proper.

DATED: May 13, 2008          EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP
                             Andrew I. Port
                             Katharine Essick Snavely

                             By *Ksnavely.*
                             Katharine Essick Snavely
                             Attorneys for Defendant MITSUI O.S.K. LINES, LTD.